UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH B. WALKER,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Defendant. | Case No. 3:15-cv-00248-MMD-WGC<br><br>ORDER<br><br>(Def.'s Motion to Strike – dkt. no. 6;<br>Def.'s Motion to Dismiss – dkt. no. 9.) |

**I.　SUMMARY**

Plaintiff claims that he was forced to resign from his position with the Transportation Security Administration ("TSA") after he was threatened with arrest for carrying a concealed weapon at work. (Dkt. no. 8.) He seeks damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. Defendant moves to dismiss Plaintiff's claims, arguing that they are preempted by the remedial measures of the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 2302. (Dkt. no. 9.) The Court has reviewed Defendant's Motion to Dismiss ("Motion") (dkt. no. 9), Plaintiff's response (dkt. no. 12), and Defendant's reply brief (dkt. no. 15). Defendant has also moved to strike Plaintiff's demand for a jury trial and for attorneys' fees. (Dkt. no. 6.) For the reasons discussed below, the Court will grant the Motion to Dismiss and deny the Motion to Strike as moot.

**II.　BACKGROUND**

The following facts appear in the First Amended Complaint ("FAC") (dkt. no. 8). Between December 2011 and September 2012, while employed by TSA, Plaintiff raised several concerns about his workplace to his supervisors and to TSA's equal employment

officer. (*Id.* at 2.) The December 2011 complaints involved allegations of ongoing harassment by Plaintiff's supervisors and colleagues. (*Id.*) Plaintiff filed a retaliation claim in February 2012. (*Id.*) Several months later, in early September 2012, Plaintiff complained to his supervisors that one of his colleagues posed a safety threat to him and his coworkers. (*Id.*) As of September 18, 2012, TSA placed Plaintiff on administrative leave in light of allegations that he had stalked the same colleague. (*Id.*)

Plaintiff claims that he was forced to resign from TSA on September 26, 2012, after TSA's investigators threatened to arrest him for carrying a concealed weapon at work. (*Id.* at 1-2.) He alleges that the resignation was retaliatory. First, he asserts that the concealed weapon allegations were unfounded because he had left his weapon off-site. (*Id.* at 2.) Second, he claims that his resignation effectively silenced his concerns over workplace violence and allowed TSA to close the stalking investigation. (*Id.*) Plaintiff asserts that his resignation was an improper constructive discharge that caused him emotional and mental harm, reputational damage, lost wages, and other professional losses. (*Id.* at 3.) He seeks damages under the FTCA, 28 U.S.C. § 2674.

### III. MOTION TO DISMISS

#### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**B.    Analysis**

Defendant contends that Plaintiff's FTCA claim is barred by the CSRA, which provides a separate remedial system for improper federal "personnel action[s]". 5 U.S.C. § 2302(a)(2)(A); (dkt. no. 9 at 3-7). Plaintiff insists that his allegedly forced resignation was not a "personnel action" under the CSRA, but was rather a law enforcement action that gives rise to a claim under the FTCA. (Dkt. no. 12 at 2-3.) The Court agrees with Defendant.

"The CSRA creates a 'remedial scheme through which federal employees can challenge their supervisors' prohibited personnel practices.'" *Mangano v. United States*, 529 F.3d 1243, 1246 (9th Cir. 2008) (quoting *Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1128 (9th Cir. 2002)) (internal quotation marks omitted). The CSRA is "both exclusive and preemptive" of an FTCA claim, which would otherwise displace the

3

CSRA's comprehensive system for addressing prohibited personnel practices. *Id.* (citing *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991)). As the Ninth Circuit has noted, "Congress's purpose in enacting the CSRA was to channel grievances and disputes arising out of government employment into a single system of administrative procedures and remedies, subject to judicial review." *Rivera*, 924 F.2d at 951. Thus, because of the CSRA's preemptive effect, a federal employee cannot proceed with a claim under the FTCA if the claim involves a "prohibited personnel practice" governed by the CSRA. 5 U.S.C. § 2302(a)(1); *see Mangano*, 529 F.3d at 1246.

The parties do not dispute that TSA qualifies as an "agency" subject to the CSRA, or that Plaintiff was a TSA employee when the events at issue occurred. *See* 5 U.S.C. § 2302(a)(2)(C). They disagree over whether Plaintiff's allegedly forced resignation was the result of a personnel action prohibited by the CSRA. The CSRA defines a "personnel action" to include "any . . . significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xii). An employee's unfair termination unquestionably fits within this definition. *Mangano*, 529 F.3d at 1247. Here, Plaintiff alleges that his forced resignation was a "constructive" and "tortious" discharge that silenced his complaints about workplace safety and infringed on his ability to carry a concealed weapon. (Dkt. no. 8 at 3.) But Plaintiff simultaneously insists that the threatened arrest and prosecution — which prompted his resignation — were not "personnel actions" subject to the CSRA. (Dkt. no. 12 at 2-3.) Instead, Plaintiff offers a narrow reading of his own allegations, arguing that he was subject to "law enforcement" actions that are outside the CSRA's reach. (*Id.*) This argument is unconvincing.

Among other prohibited actions, the CSRA forbids an employer from taking — or threatening to take — a personnel action against an employee for disclosing information that shows a "violation of any law, rule, or regulation," or "gross mismanagement . . . or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A). Plaintiff alleges that the threatened arrest was a retaliatory response to his attempts to alert his supervisors about a possible workplace safety threat. (Dkt. no. 8 at 2 ("Plaintiff

4

is informed and believes that the 'offer' [to resign] was approved as a way to squelch Plaintiff's complaints of a threat of workplace violence by the co-worker . . . .").) Plaintiff further claims that the resignation infringed on his "right under the Second Amendment to bear arms legally." (*Id.*) These allegations demonstrate that, according to Plaintiff's own recounting of the incidents leading to his resignation, Defendant forced Plaintiff to resign, at least in part, in retaliation against Plaintiff's complaints regarding workplace safety. Such retaliation falls squarely within the "prohibited personnel practice[s]" enumerated by the CSRA. 5 U.S.C. § 2302(a)(1).

That Defendant's actions were purportedly criminal in nature — that is, Defendant allegedly threatened Plaintiff with arrest and prosecution — does not change this analysis. Instead, those tactics, per Plaintiff's own allegations, were designed to force him to resign. Plaintiff, in turn, alleges that his resignation was an unfair discharge, which qualifies as a "significant change in [Plaintiff's] duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xii). Coupled with the alleged retaliatory actions discussed above, the FAC plainly alleges "the kinds of activities" that "are specifically prohibited by the C.S.R.A." *Lehman v. Morrissey*, 779 F.2d 526 (9th Cir. 1985) (per curiam). The Court is therefore unpersuaded by Plaintiff's attempt to reconfigure Defendant's behavior as law enforcement activity that is not subject to the CSRA.

Because Plaintiff's claim falls within the reach of the CSRA, the Court finds that the FAC, which alleges only an FTCA claim, fails to state a claim upon which relief can be granted. Defendant's Motion to Dismiss is therefore granted.

## IV. MOTION TO STRIKE

Before Plaintiff filed the FAC, Defendant moved to strike two elements of the initial Complaint: Plaintiff's request for a jury trial and his request for attorneys' fees. (Dkt. no. 6 at 3-4.) During a status conference before the Magistrate Judge in January 2016, the parties agreed that this case would be heard before the Court, and not a jury, because the FTCA permits jury trials in limited instances that are inapplicable here. (Dkt. no. 18); *see* 28 U.S.C. § 2402. Thus, the only remaining issue in the Motion to Strike is whether

Plaintiff may request attorneys' fees under the FTCA. (Dkt. no. 6.) Although Plaintiff requested attorneys' fees in the initial Complaint (dkt. no. 1 at 3), the FAC removed that request. (Dkt. no. 8 at 3.) Even setting aside the Court's dismissal of the FAC, which moots the Motion to Strike, the parties have already resolved the two aspects of the initial Complaint that Defendant sought to strike. The Motion to Strike is therefore denied.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of Defendant's motions.

It is therefore ordered that Defendant's Motion to Dismiss (dkt. no. 9) is granted. It is further ordered that Defendant's Motion to Strike (dkt. no. 6) is denied as moot.

The Clerk is directed to close this case.

DATED THIS 18th day of March 2016

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE